UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT JENKINS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE WHITESTONE GROUP, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-04920-RS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

　　　　This putative class action was filed in San Francisco Superior Court on behalf of "more than 50 security officers and/or guards" employed by defendant. Plaintiffs alleged they were deprived of proper meal and rest breaks during the four year limitations period prior to the filing of the complaint. The named plaintiffs all alleged they earned approximately $25 per hour. While the complaint contains no calculations of each putative class member's alleged total damages, it is not readily apparent that they would exceed $75,000; rather, the most reasonable inference is to the contrary.

　　　　Indeed, plaintiffs' briefing submitted in support of preliminary settlement approval asserts that the maximum claims of the 88 class members total just over $564,000, or less than $6,500 each. Even adding in additional claims for penalties and attorney fees, and granting that the total claims would not have been divided equally among the class members, there is no reasonable basis to infer that at least one class member could show the amount in controversy in his or her claim satisfies the $75,000 threshold for diversity jurisdiction. Nor is there a basis to conclude the

aggregate claims meet the $5 million threshold for jurisdiction under CAFA.  Under these circumstances, therefore, jurisdiction appears to be lacking.  *See generally Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (holding supplemental jurisdiction over claims under the $75,000 threshold to be proper as long as at least one named plaintiff satisfies the amount in controversy, but not allowing aggregation of claims as means of meeting the threshold).

Although the parties have reached a settlement of this matter, in the absence of jurisdiction, the court is precluded from determining whether the parties' agreement satisfies the criteria for court approval of class action settlements.   Accordingly, no later than August 31, 2015, defendant, as the removing party, shall file a brief not to exceed 15 pages showing cause why this matter should not be remanded to San Francisco Superior Court.  No later than the same date, plaintiffs may, but are not required to, file a separate brief, also not to exceed 15 pages, addressing the issue.  Alternatively, the parties may file a stipulation and proposed order to remand, in the event they agree jurisdiction is lacking.  The hearing on the motion for preliminary settlement approval set for August 27, 2015 is vacated, pending further order.

**IT IS SO ORDERED**.

Dated: August 14, 2015

_____
RICHARD SEEBORG
United States District Judge